Robert A. Morgenstern, Esq. (SBN 94180)
bob@morgensternlawgroup.com
Patricia Molly Ford, Esq. (SBN 285045)
pford@morgensternlawgroup.com
Bianca D. Falcon, Esq. (SBN 333278)
bfalcon@morgensternlawgroup.com
MORGENSTERN LAW GROUP
A Professional Law Corporation
5850 Canoga Avenue, Suite 600
Woodland Hills, CA 91367
(818) 587-9146 ■ Fax: (818) 587-9147

Attorneys for Defendant SADLERSTONE, LLC, DBA CONCRETE COLLABORATIVE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUMENFELD DEVELOPMENT GROUP, LTD. AND BDG GOTHAM RESIDENTIAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SADLERSTONE, LLC, dba CONCRETE COLLABORATIVE,<br><br>Defendant<br><br>SADLERSTONE, LLC, dba CONCRETE COLLABORATIVE,<br><br>Third-Party Plaintiff<br><br>v.<br><br>BJARKE INGELS GROUP NYC LLC; STONE DIVERSIFIED, LLC; ZDG CONSTRUCTION MANAGEMENT; ZDG CONSTRUCTION MANAGEMENT, LLC and ROES 1 – 25 | **Case No. 3:21-cv-1117-WQH-MSB**<br>Hon. William Q. Hayes<br><br>**FIRST AMENDED THIRD-PARTY COMPLAINT BY THIRD-PARTY PLAINTIFF SADLERSTONE, LLC dba CONCRETE COLLABORATIVE** |

COMES NOW Defendant and Third-party Plaintiff, SADLERSTONE, LLC, dba CONCRETE COLLABORATIVE (hereinafter "Concrete Collaborative"),

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

without waiving any rights, all being specifically reserved, including but not limited to that it denies any liability arising out of this matter, and as a defending party under Fed. R. Civ. P., Rule 14(a)(1) to the unverified First Amended Complaint ("FAC") of Plaintiffs BLUMENFELD DEVELOPMENT GROUP, LTD. AND BDG GOTHAM RESIDENTIAL, LLC (herein after "Plaintiffs") to which it has answered denying the allegations therein, and files this Third-Party Complaint on nonparties who are liable to Concrete Collaborative for all or part of the claims by Plaintiffs, if such any are not dismissed, and for other claims as follows:

## I. The Parties

1. Concrete Collaborative, at all material times has been, a corporation duly organized under the laws of the State of California, with its headquarters and principal place of business in the State of California.

2. Concrete Collaborative is informed and believes that the architect for the Project, Third Party Defendant, Bjarke Ingels Group NYC LLC ("BIG") is, and at all times since the commencement of this action has been a domestic limited liability company duly organized under the laws of the State of New York.

3. Concrete Collaborative is informed and believes that Third Party Defendant, Stone Diversified LLC ("Stone Diversified") is, and at all times since the commencement of this action has been a domestic limited liability company duly organized under the laws of the State of New York.

4. Concrete Collaborative is informed and believes that Third Party Defendant, ZDG Construction Management and ZDG Construction Management, LLC (collectively "ZDG") are, and at all times since the commencement of this action a domestic limited liability company duly organized under the laws of the State of New York.

5. At all times material hereto, Third-Party Defendants ROES 1 through 25, and each of them, were or are individuals, corporations, associates, partnership, entities or otherwise, the true names and capacities of which are presently unknown

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

to Third-Party Plaintiff Concrete Collaborative, which therefore sues said Third-Party Defendants and each of them, by such fictious names. Concrete Collaborative prays for leave of Court to amend its Third-Party Complaint to show the names and capacities of such Third-Party Defendants, and each of them, when the same has been ascertained.

## II. Jurisdiction and Venue

6. On August 26, 2021, Plaintiffs filed suit against Concrete Collaborative in the United States District Court Southern District of California.

7. This Court has jurisdiction over this Third-Party Complaint as it is brought in response to Plaintiffs' Complaint filed in this Court based on diversity jurisdiction. This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. 1367(a).

8. Venue is proper in the United States District Court for the Southern District of California because this Third-Party Complaint arises from the facts and circumstances alleged in the above mentioned First Amended Complaint filed in this Court.

## III. The Underlying Action

9. Without admitting the contents of the First Amended Complaint, Concrete Collaborative incorporates for reference Plaintiff's First Amended Complaint ("FAC"). In Plaintiffs' unverified FAC, Plaintiffs allege that they began construction on an eleven-story, 177 multi-use residential building known as "The Smile", located at 158 East 126th Street, New York, NY ("the Project"). The architect for the Project was BIG. The Project was managed by ZDG.

10. Plaintiffs allege that in January 2017, BIG Senior Architect, Jose Jimenez, met with Lindsay Stavola of Concrete Collaborative regarding purchasing Concrete Collaborative's tiles for use in the Project. Plaintiffs allege that Ms. Stavola told Mr. Jimenez that Concrete Collaborative was confident they could create tiles that matches the colors and level of color saturation required

- 3 -
**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

for the Project.

11. Concrete Collaborative is informed and believes that on or about April 6, 2017, ZDG awarded a subcontract to Stone Diversified LLC to furnish and install tiles for the project.

12. Concrete Collaborative is informed and believes that the Stone Diversified subcontract Award Recommendation issued by ZDG specified Transamerica tiles in the scope of work, but included a unit price schedule for alternate tiles, including tiles manufactured, sold and distributed by Concrete Collective.

13. Concrete Collaborative is informed and believes that ZDG was responsible for making sure that Stone Diversified and/or ROES 1-5, followed the required specifications and instructions of the installation process.

14. Concrete Collaborative is informed and believes that ZDG bears responsibility for Blumenfeld's costs and expense to remedy any alleged defects that result from Stone Diversified and/or ROES 1-5, not following the required specifications and instructions of the installation process.

15. Concrete Collaborative alleges that Stone Diversified and/or ROES 1-5 failed to use proper techniques in installing the subject tiles, including improper handling of the tiles and use of the wrong installation products including adhesive and sealer.

16. Concrete Collaborative is informed and believes that the architectural design for the Project specified 3" by 18" tiles of various colors, laid in a herringbone pattern. The grey tiles are from the Concrete Collaborative "Laguna" line and the colored tiles are from the Concrete Collaborative "Strands" line.

17. Specifically, Plaintiffs allege that the following defects exist at the Project and from Concrete Collaborative's products:
    a. Discoloration of tiles
    b. Variations in the color on the purple tiles
    c. Chipping of tiles

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

d. Deteriorating finish of tiles

e. Gouges in the pink tiles

f. Dispute in hardness level of the tiles

18. Despite the alleged defects, Concrete Collaborative is informed and believes that the tile was ultimately installed in the floor surfaces at the exterior entries, interior lobby and elevator lobbies at each floor of the Project. Concrete Collaborative is also informed and believes that the tile was also installed at the exterior walls and ceilings at the two covered entities on East 126th Street at the Project.

### IV. General Allegations

19. On or about October 26, 2017, Ms. Stavola of Concrete Collaborative emailed Hadia Rashid of Stone Diversified regarding order confirmation for mockup material of the subject tile. The correspondence also included the following installation guidelines for the Laguna product data:

"Please be sure to follow our installation guidelines: laguna product data
Specifically:

-We suggest a <u>mock up</u> to test overall methodology of install, clean/seal.

- Concrete is moisture sensitive and porous. Please be conscious and keep protected from spills.

- Always wet buff surface using the <u>white HTC pad</u> and sea using <u>Prosoco Polishguard</u> applied in a natural finish."

20. On or about October 26, 2017, Ms. Rashid replied to Ms. Stavola's email. Ms. Rashid stated: "I understand the purchase order is ready for order. However it has come to our awareness the architect has only approved 3 colors please be advised that we are only installers we don't approve or reject material."

21. On or about October 27, 2017, Ms. Stavola replied: "Yes, we will send color samples to the architect for approval prior to sending the mock up material."

22. On or about November 2, 2017, Mr. Rashid emailed Ms. Stavola stating:

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

> "In the Purchase Order for the manufacturer and supply of the mock-up Lobby Tiles subject to final approval by the Architect of all color samples. Stone Diversified will not accept delivery nor will make final payment for tiles not approved by the Architect. In the event that the samples are not approved by the Architect, Stone Diversified will be refunded on any monies advanced to procure the material. Please release material send me the cc authorization form."

23. Between January 2019 and February 2019, Concrete Collaborative, ZDG, and BIG engaged in several emails pertaining to the subject tiles, tile colors, tile specifications, and tile installation.

24. On or about March 28, 2019, Maria Castillo of Stone Diversified emailed Ms. Stavola attaching all updated purchase orders for Sales Order 4353.

25. On or about April 1, 2019, Ms. Stavola emailed Ms. Castillo stating: "Specifically:

- It is important to store tiles appropriately. Store indoors in original packaging and cover with plastic.

- We suggest a mock-up to test overall methodology of install, pre seal, grout, clean, seal.

- Apply 3 thin coats of cc seal following manufacturer's instructions, wipe off excess sealer to a natural looking finish, not too glossy wait 1 day after sealing to grout

- Concrete is moisture sensitive, please use Laticrete 254 platinum rapid adhesive to concrete substrate. We suggest using a full laticrete system.


- Concrete is porous, be conscious in removing grout and keep protected from spills.

- Clean using a mop with warm water and neutral detergent (non-acidic)

Apply 1 additional coat of cc seal following manufacturers instructions

> Laguna - Please be sure to follow our installation guidelines: http://concrete-collaborative.com/files/laguna-product-data-sheet.pdf
>
> Laticrete Adhesive Information: http://www.concrete-collaborative.com/files/laticrete-adhesive-technical-info.pdf
>
> Specifically:
>
> - It is important to store tiles appropriately. Store indoors and cover with plastic to protect; they are moisture sensitive and will naturally curl if not kept in original packaging or braced.
>
> - perform mock-up to test overall methodology of install, grout, clean / seal.
>
> - Concrete is moisture sensitive, please use Laticrete 254 platinum rapid adhesive to concrete substrate and Laticrete Latapoxy 300 for bonding tread to steel substrate. We suggest using a full laticrete system.
>
> - Concrete is porous, be conscious in removing grout and keep protected from spills.
>
> - Always wet buff surface using the white HTC pad and seal using Prosoco Polishguard applied in a natural finish.
>
> -Technical page with cleaning and sealing video: http://concrete-collaborative.com/technical.html."

26. Concrete Collaborative is informed and believes that ZDG was responsible for making sure that Stone Diversified and/or ROES 1-5, followed the required specifications and instructions of the installation process.

27. Concrete Collaborative is informed and believes that ZDG bears responsibility for Blumenfeld's costs and expense to remedy any alleged defects that result from Stone Diversified and/or ROES 1-5, not following the required specifications and instructions of the installation process.

28. Concrete Collaborative alleges that Stone Diversified and/or ROES 1-5 failed to use proper techniques in installing the subject tiles, including improper handling of the tiles and use of the wrong installation products including

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

adhesive and sealer.

29. Concrete Collaborative believes that Stone Diversified and/or ROES 1-5 failed to adhere to the installation guidelines, thus causing any alleged defects, if any are present.

30. Concrete Collaborative believes that ZDG bears responsibility for any and defects related to the tiles and the installation of the tiles, for failures to inspect, properly advise installers regarding installation, failure to ensure proper storage, failure to ensure proper handling of tiles, and properly monitor the work site.

31. On or about July 24, 2019, prior to Blumenfleld paying Concrete Collaborative for a tile shipment, Mike Classi of Blumenfeld emailed Martin Semjen of ZDG and stated the following: "Martin, you should go and inspect what's there, take photos and verify the quantities."

32. On or about October 2, 2019, Concrete Collaborative is informed and believes that Blumenfeld approved payment for the tiles and approved the balance to be released to Concrete Collaborative based on ZDG's inspection of the tiles.

33. On or about February 2020, Blumenfeld, ZDG, and BIG engaged in several emails pertaining to the subject tiles, tile colors, tile specifications, and tile installation.

34. On or about February 26, 2020, Mike Classi of Blumenfeld emailed Kevin Yienger of ZDG stating the following: "Kevin, further to our on sight meeting today with the Concrete Collaborative representative it was concluded that the installer is not using the approved adhesive to install the tile. Please correct this deficiency immediately. In addition to the adhesive issue the tile is supposed to be sealed prior to installation, then installed, grouted and re-sealed. Why isn't this process being followed, please advise?"

35. On or about February 27, 2020, Mike Classi of Blumenfeld emailed Kevin Yienger of ZDG and stated the following: "ZDG is unilaterally deciding to

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

compromise the product by allowing the installation to proceed instead of holding the contractor to the approved specifications. ZDG is responsible to hold the contractor to the specifications however they are making a unilateral decision to compromise the same. Please be advised that if the quality of the work or the integrity of the tile is compromised due to ZDG's failure to cause the contractor to follow the specifications, BDG will hold ZDG responsible for all cost and expense to remedy."

36. ZDG had an obligation to inspect the tile upon receipt. To the extent any defects existed, ZDG failed in to identify and/or reject the tile within a reasonable time period.

37. Between February 2020 and March 2020, Concrete Collaborative and BIG engaged in several emails regarding the Strands purple tiles.

38. Between April 2020 and July 2020, Concrete Collaborative, BIG, and ZDG engaged in numerous emails regarding the colored Concrete Collaborative tiles, tile installation, and an order for additional material.

39. On or about September 2020, Concrete Collaborative and BDG engaged in emails regarding the Strands purple and pink tiles, and grout.

40. BIG selected the subject tile for the purpose it was ultimately used and has a professional duty to approve or reject material as the licensed architect for the Project. If any of the Concrete Collaborative tile were defective, BIG failed to reject the material within a reasonable time thus violating its professional duty.

**FIRST CAUSE OF ACTION**

**EQUITABLE INDEMNITY AGAINST THIRD-PARTY DEFENDANTS BIG, STONE DIVERSIFIED, ZDG and ROES 1-25**

41. Concrete Collaborative hereby realleges and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

42. In the event that that Concrete Collaborative are subject to liability to Plaintiffs in the underlying action, Concrete Collaborative is hereby entitled to be indemnified by those Third Party Defendants, and each of them, for up to the full amount of any loss suffered or judgment owed by Concrete Collaborative to Plaintiffs, and for such costs, attorneys'' fees and other expenses, which have been and in the future may be incurred in the defense of the within action.

43. Concrete Collaborative's entitlement to indemnity from the Third-Party Defendants, and each of them, arises pursuant to theories of equitable indemnity by reason of the direct and primary conduct and/or omissions of the Third Party Defendants, and each of them. Any negligence or fault on the part of Concrete Collaborative is passive, secondary and derivative from the conduct of Third-Party Defendants, and each of them. Thus, Third Party Defendants, and each of them, are obligated to defend, indemnify and hold harmless Concrete Collaborative from and against any liability arising out of the allegations of Plaintiffs' Complaint, including, but not limited to any and all claims, losses, damages, attorneys' fees, judgments and settlement expenses incurred or to be incurred in this action by Concrete Collaborative.

44. As a result of the underlying First Amended Complaint and providing previous replacement tiles to the Project, Concrete Collaborative was forced to hire attorneys and expend fees in defending themselves, as well as paying for and providing replacement tiles and potentially paying money in settlement of the underlying First Amended Complaint. This represents payments for liability which would be based solely upon a derivative form of liability not resulting from Concrete Collaborative's conduct, but only from the obligation imposed by law, and therefore, Concrete Collaborative would be entitled to complete indemnity from each Third-Party Defendant.

45. In the event it is determined that Concrete Collaborative is liable to

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

Plaintiffs for the claims set forth in said First Amended Complaint on file herein, Concrete Collaborative will be entitled to be fully indemnified and held harmless by Third-Party Defendants, and each of them, for any settlement or judgment rendered against Concrete Collaborative as a result of the allegations in the Complaint, and to be fully indemnified and held harmless for any cost incurred in defense of this lawsuit, including reasonable attorneys' fees.

46. Concrete Collaborative is informed and believes, and on that basis alleges, that any damages incurred by Concrete Collaborative to date for repairs at the Project and, if Plaintiffs sustained damages relating to the Project as alleged in the First Amended Complaint, which Concrete Collaborative denies, such damages were caused in whole or in part by Third-Party Defendants, whose conduct was primary and active. As between Concrete Collaborative and Third-Party Defendants, responsibility, if any, for the damages relating to the work performed rests with Third-Party Defendants. As a result, Third-Party Defendants are obligated fully to indemnify Concrete Collaborative for any sums which Concrete Collaborative has paid or may be compelled to pay as a result of any recovery by Plaintiffs from Concrete Collaborative concerning work performed on the Project.

47. To the extent Concrete Collaborative has discharged or discharges more than its fair share of costs, damages, and liability arising from repairs at the Project or from the allegations in Plaintiffs' First Amended Complaint, thereby unjustly enriching Third-Party Defendants, then Concrete Collaborative will be entitled to indemnity from Third-Party Defendants of an equitable share (all or some portion) of any such costs, damages and liability discharged by Concrete Collaborative.

///
///

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

## SECOND CAUSE OF ACTION

## COMPARATIVE INDEMNITY AGAINST THIRD-PARTY DEFENDANTS BIG, STONE DIVERSIFIED, ZDG, and ROES 1-25

48. Concrete Collaborative incorporates herein by reference, paragraphs 1-43 of this Third-Party Complaint as if they are set forth fully here.

49. If that Concrete Collaborative is found to be liable for Plaintiffs' alleged damages or injuries, which liability is expressly denied, that these Concrete Collaborative is entitled to comparative indemnity from Third Party Defendants and each of them, based upon the respective proportions of the fault of all parties to this action.

## THIRD CAUSE OF ACTION

## PROFESSIONAL NEGLIGENCE/NEGLIGENCE AGAINST THIRD-PARTY DEFENDANTS, BIG AND STONE DIVERSIFIED

50. Concrete Collaborative hereby realleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

51. Under California law, a professional is liable for negligence when it owes a duty to use such skill, prudence, and diligence that other members of its profession commonly possess and exercise, it breaches that duty, and the breach is the proximate or legal cause of the injury and actual loss, or damage exists.

52. Third-Party Defendant BIG, a design professional, owes a duty of care to Concrete Collaborative in the performance of its professional services on the Project.

53. Third-Party Defendant BIG breached its duty of care to Concrete Collaborative by negligently performing its professional services on the Project.

54. As a direct and proximate result of the breaches of Third-Party Defendant

CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT

BIG's duty of due care, the construction of the Project was disrupted and the alleged construction defects and defects causing or contributing to any alleged damage existed at the Project itself.

55. As a direct and proximate result of the breach of Third-Party Defendant BIG's duty of due care, Concrete Collaborative has directly sustained damages.

56. Under California law, Third-Party Defendant Stone Diversified and/or ROES 1 through 10 were negligent in its installation of the Concrete Collaborative tiles in that Stone Diversified failed to adhere to Concrete Collaborative's installation guidelines. Thereby, causing any alleged defect to the tiles.

57. As a direct and proximate result of Stone Diversified, ROES 1 through 25's negligence, Third-Party Plaintiff, Concrete Collaborative, was harmed.

58. Stone Diversified's negligence was a substantial factor in causing Concrete Collaborative's harm.

## FOURTH CAUSE OF ACTION

## DECLATORY RELIEF AGAINST THIRD-PARTY DEFENDANTS BIG, STONE DIVERSIFIED, ZDG, and ROES 1 -25

59. Concrete Collaborative hereby realleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

60. An actual controversy exists between the parties to this Third-Party Complaint, in that Concrete Collaborative claims that the responsibility for Plaintiffs' damages, if any there are, in the main action, rest with Third-Party Defendants; and unless all joint and several obligations, rights and duties arising from the main action are determined in this proceeding, a multiplicity of actions will result; and it will be in the best interest of equity and judicial expediency that all issues of liability and damages be resolved

CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT

at this time.

61. There precisely exists a dispute and controversy over the rights, liabilities and duties of the various parties herein. Concrete Collaborative seeks a determination of the rights, liabilities, and duties of the parties herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Concrete Collaborative prays that the Court make its declaration and orders and enters its judgment against Third-Party Defendants, and each of them, as follows:

1. For total and complete indemnity for any judgments rendered against Concrete Collaborative;

2. For judgment in a proportionate share from all Third-Party Defendants;

3. For a judicial determination that Third-Party Defendants were the legal cause of any injuries and damages sustained by Concrete Collaborative and that Third-Party Defendants indemnify Concrete Collaborative, either completely or partially, for all sums of money which was paid by Concrete Collaborative;

4. For costs of suit incurred herein;

5. For reasonable attorney's fees as allowed by contract or law; and

6. For such other and further relief as the Court deems just and proper.

Dated: February 25, 2022                MORGENSTERN LAW GROUP

By: *P. Molly Ford*
    ROBERT A. MORGENSTERN
    PATRICIA MOLLY FORD
    BIANCA FALCON
    Attorneys for Defendant
    SADLERSTONE, LLC, dba
    CONCRETE COLLABORATIVE

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

# PROOF OF SERVICE
## [C.C.P. §1013]

STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5850 Canoga Ave., Suite 600, Woodland Hills, CA 91367.

On **February 25, 2022**, I served the foregoing document entitled **FIRST AMENDED THIRD-PARTY COMPLAINT BY THIRD-PARTY PLAINTIFF SADLERSTONE, LLC dba CONCRETE COLLABORATIVE,** on all parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST.**

\_\_\_\_ **By Mail**. By placing a true copy thereof enclosed in a sealed envelope. I am "readily familiar" with the firm's practice of collection and processing for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with first class postage thereon fully paid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter is more than one day after day of deposit for mailing in this Proof of Service.

\_\_\_\_ **By Personal Service**. I delivered such envelope by hand to the addressee(s).

\_\_\_\_ **By Overnight Courier**. I caused the above-referenced document(s) to be delivered to an overnight courier service for next day delivery to the above addressee(s).

\_X\_ **By Email Transmission**. I caused the abovementioned document(s) to be transmitted by email to the address(es) listed below at their respective email address(es) as listed and described below. I am "readily familiar" with this office's practice for transmissions by email. Under that practice transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error. In sending the foregoing document(s) by email, I followed this office's ordinary business practices. The sending email address is:tjeters@morgensternlawgroup.com.

\_X\_ **(Federal)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **February 25, 2022**, at Woodland Hills, California.

/s/ Trecia Jeters
TRECIA JETERS

- 15 -

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**

*Blumenfeld Development Group, Ltd. V. Sadlerstone, LLC*
Case No. 3:21-cv-1117-WQH-MB

The below listed individuals are registered with the Court to receive notice of electronically filed documents and will therefore be served via the Court's ECF System:

**SERVICE LIST**
**(Updated 07/22/21)**

| | |
|---|---|
| Deanna J. Lucci, Esq.<br>DUANE MORRIS, LLP<br>750 B Street, Suite 2900<br>San Diego, CA 92101-4681<br>(619) 744-2200<br>djlucci@duanemorris.com<br>AVillanueva@duanemorris.com<br><br>Andrew K. Gordon, Esq.<br>DUANE MORRIS, LLP<br>Spear Tower<br>One Market Plaza, Suite 2200<br>San Francisco, CA 94105-1127<br>(415) 957-3000<br>akgordon@duanemorris.com | Attorneys for Plaintiffs,<br>BLUMENFELD DEVELOPMENT GROUP, LTD. And BDG GOTHAM RESIDENTIAL, LLC |
| Christie B. Swiss, Esq.<br>Nicholas R. Colletti, Esq.<br>COLLINS + COLLINS LLP<br>2011 Palomar Airport Road<br>Suite 207<br>Carlsbad, CA 92011<br>(760) 274-2110 FAX (760) 274-2111<br>cswiss@ccllp.law<br>ncolletti@ccllp.law | Attorneys for Third Party Defendant BJARKE INGELS GROUP NYC LLC |

**CONCRETE COLLABORATIVE'S AMENDED THIRD-PARTY COMPLAINT**