UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUMENFELD DEVELOPMENT GROUP, LTD, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SADLERSTONE LLC dba CONCRETE COLLABORATIVE, et al.,<br><br>　　　　　　　　　　Defendants.<br><br>AND RELATED THIRD-PARTY COMPLAINT | Case No.:  21cv1117-WQH (MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE MOTION TO CONTINUE [ECF NO. 72]** |

　　　Pending before the Court is Third-Party Plaintiff Sadlerstone, LLC dba Concrete Collaborative's ("Concrete Collaborative") "Ex Parte Motion for an Order Continuing Case Deadlines," in which Concrete Collaborative moves to continue the scheduling deadlines by four months.  (ECF No. 72-1 at 4, 14–15.)  In support, Concrete Collaborative asserts that its motion to amend Third Party Complaint to add new parties has not been ruled on, and additional time is needed "to conduct discovery as to the new parties assuming the amendments are permitted."  (Id. at 4–5.)  Concrete Collaborative also contends that it is still pursuing fact witnesses and discovery "due to

1  factors outside its control." (Id. at 4–7.) Concrete Collaborative thus argues that the
2  requested continuance is warranted. (Id. at 7.)
3      On August 2, 2022, Plaintiffs Blumenfeld Development Group, Ltd., BDG Gotham
4  Residential, LLC Aramark Management, LLC ("Plaintiffs") and Third-Party Defendant
5  ZDG, LLC ("ZDG") filed an Opposition to the ex parte motion to continue. (ECF No. 73.)
6  They argue that the motion is "premature as it assumes (without basis) that [Concrete
7  Collaborative's] belated motion to add new parties will be granted." (Id. at 2.) They
8  also argue that Concrete Collaborative failed to diligently pursue its claims, failed to
9  meet and confer with ZDG regarding contact information for tile installers before filing
10 the instant ex parte motion, there are seven weeks remaining before the close of
11 discovery, and the Court has already continued fact discovery deadline by thirty days.
12 (Id.) Plaintiffs and ZDG further argue that the requested extension would prejudice
13 them and ask the Court to deny the ex parte motion. (Id. at 5–6.) In the alternative,
14 Plaintiffs and ZDG ask the Court to "only extend the discovery deadlines" and leave
15 other pre-trial deadlines in place. (Id. at 7.)
16     The Court notes that on May 11, 2022, Concrete Collaborative filed a "Motion to
17 Amend its Third Party Complaint," which seeks leave to amend its complaint to add
18 B.I.G. Architecture D.P.C., Premier Tile, New York Stone, New York Stone Works L.L.C,
19 and Mario Trigazis as third-party defendants. (Id. ECF No. 57 at 2.) The Court also notes
20 that it has already granted the parties' motion to continue fact and expert discovery
21 deadlines, and continued such deadlines by one month. (See ECF No. 58; see also ECF
22 No. 55.)
23     Having considered the instant ex parte motion to continue, the Court finds that it
24 is premature because the District Judge has not yet ruled on Concrete Collaborative's
25 pending "Motion to Amend its Third-Party Complaint" and has not allowed Concrete
26 Collaborative to add new parties. (See Docket.) The Court further finds that Concrete
27 Collaborative failed to properly meet and confer with Plaintiffs and ZDG before filing the
28 ex parte motion to continue.

The Court, nevertheless, finds good cause to grant a brief continuance of the fact discovery deadline. Accordingly, the Court **GRANTS in part** and **DENIES in part** Concrete Collaborative's ex parte motion. The fact discovery deadline is continued from September 19, 2022, until **October 31, 2022**. All other deadlines and requirements remain unchanged. (See ECF Nos. 37, 58.)

If the District Judge grants Concrete Collaborative's pending motion to amend Third Party Complaint [ECF No. 57], Concrete Collaborative may file a renewed motion to continue after properly meeting and conferring with the parties in this case.

**IT IS SO ORDERED**.

Dated: August 8, 2022

Honorable Michael S. Berg
United States Magistrate Judge