UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUMENFELD DEVELOPMENT GROUP, LTD. and BDG GOTHAM RESIDENTIAL, LLC,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SADLERSTONE, LLC, dba CONCRETE COLLABORATIVE,<br><br>　　　　　　　　　Defendant. | Case No.:  21cv1117-WQH-MSB<br><br>**ORDER** |
| SADLERSTONE, LLC, dba CONCRETE COLLABORATIVE,<br><br>　　　　　　　　Third-Party Plaintiff,<br><br>v.<br><br>STONE DIVERSIFIED, LLC; ZDG CONSTRUCTION MANAGEMENT; ZDG CONSTRUCTION MANAGEMENT, LLC and ROES 1-25,<br><br>　　　　　　　　Third-Party Defendants. | |

HAYES, Judge:

　　The matters before the Court are (1) the Motion for Leave to Amend the First Amended Third-Party Complaint ("Motion for Leave to Amend"), filed by Third-Party

1

Plaintiff Sadlerstone, LLC, dba Concrete Collaborative ("Concrete Collaborative") (ECF No. 57); and (2) the Ex Parte Motion for Special Appearance for the Limited Purpose of Filing an Opposition to the Motion for Leave to Amend ("Motion for Special Appearance"), filed by B.I.G. Architecture D.P.C. ("BIG DPC") (ECF No. 62).

## I. BACKGROUND

On June 15, 2021, Plaintiffs Blumenfeld Development Group, Ltd. and BDG Gotham Residential, LLC ("Plaintiffs") initiated this action by filing a Complaint in this Court against Concrete Collaborative. (ECF No. 1). On August 27, 2021, Plaintiffs filed a First Amended Complaint ("FAC") against Concrete Collaborative, which is the operative pleading. (ECF No. 13). The FAC alleges that Concrete Collaborative sold "defective concrete tiles to Plaintiffs for use in an eleven-story multi-unit residential building in New York City, causing damages to Plaintiffs." (*Id*. at 1-2). The FAC alleges claims for breach of contract, breach of warranties, and negligence.

On September 23, 2021, Concrete Collaborative filed a Third-Party Complaint against Bjarke Ingels Group NYC LLC ("BIG NYC") and Stone Diversified LLC ("Stone Diversified"). (ECF No. 16). The Third-Party Complaint alleges that Stone Diversified "failed to adhere to the installation guidelines, thus causing any alleged defects, if any are present." (*Id.* at 7). The Third-Party Complaint alleges that BIG NYC "selected the subject tile for the purpose it was ultimately used and has a professional duty to approve or reject material as the licensed architect for the Project . . . [and] BIG [NYC] failed to reject the material within a reasonable time thus violating its professional duty." *Id.* The Third-Party Complaint alleges claims for indemnity and negligence.

On November 12, 2021, BIG NYC filed a Motion to Dismiss the Third-Party Complaint. (ECF No. 24). BIG NYC asserted, among other things, that it was "not a proper party to this action, and it must be dismissed since … it did not work on the project at issue." *Id.* at 8. BIG NYC asserted that "B.I.G. Architecture D.P.C. ('BIG DPC'), a New York Design Professional Corporation, provided architectural services on the Project." *Id.* The Motion to Dismiss explained the difference between BIG NYC and BIG DPC and

repeatedly stated that BIG NYC "did not complete work on the Project" and "BIG DPC actually provided architectural services for The Project." (*Id*. at 11; *see also id*. at 9, 12, 29). BIG NYC attached a Declaration of the General Counsel for Bjarke Ingels Group explaining the relationship between BIG NYC and BIG DPC and reiterating that "BIG NYC was not the architect for the project at issue," and instead "BIG DPC provided architectural services for The Project." (Elbert Decl. ¶¶ 5-6, ECF No. 24-1; *see also id*. ¶¶ 3-4).

On December 6, 2021, Concrete Collaborative filed a Response in opposition to the Motion to Dismiss. (ECF No. 31). Concrete Collaborative asserted in a footnote that "project related communications" indicated that BIG NYC "performed work in connection with this case" and "[t]he extent to which each BIG entity performed the specific work is subject to discovery." (*Id*. at 6 n.1). Concrete Collaborative did not otherwise address the issue of whether BIG NYC or BIG DPC was the proper party.

On January 27, 2022, the Magistrate Judge issued the Scheduling Order. (ECF No. 37). The Scheduling Order required that "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by February 25, 2022." (*Id.* at 1). The Scheduling Order further required that "[a]ll fact discovery shall be completed by all parties on or before August 18, 2022." (*Id.* at 2).

On February 22, 2022, the Court issued an Order denying BIG NYC's Motion to Dismiss as untimely. (ECF No. 38 at 3).

On February 24, 2022, Concrete Collaborative filed a Joint Motion to File First Amended Third-Party Complaint. (ECF No. 39). Concrete Collaborative sought to add ZDG Construction Management and ZDG Construction Management, LLC (collectively, "ZDG") as Third-Party Defendants and continued to name BIG NYC as a Third-Party Defendant. (*Id.* at 2).

On February 25, 2022, the Court granted the Joint Motion to File First Amended Third-Party Complaint (ECF No. 40), and Concrete Collaborative filed the operative First Amended Third-Party Complaint (ECF No. 41).

On March 11, 2022, BIG NYC filed a Motion to Dismiss, again asserting that BIG NYC was the incorrect entity for Concrete Collaborative's claims. (ECF No. 44 at 9 ("BIG NYC, a New York corporation, did not provide any work on the Project. Rather, B.I.G. Architecture D.P.C. ('BIG DPC'), a New York Design Professional Corporation, provided architectural services on the Project.")).

On April 5, 2022, Concrete Collaborative and BIG NYC filed a Joint Motion to Dismiss BIG NYC from the First Amended Third-Party Complaint. (ECF No. 48).

On April 7, 2022, the Court granted the Joint Motion to Dismiss, dismissed BIG NYC, and denied BIG NYC's Motion to Dismiss as moot. (ECF No. 49).

On May 11, 2022, Concrete Collaborate filed the pending Motion for Leave to Amend. (ECF No. 57). Concrete Collaborate seeks leave to file a Second Amended Third-Party Complaint adding BIG DPC and four additional third-party defendants: Premier Tile ("Premier"), New York Stone, New York Stone Works LLC ("New York Stone Works"), and Mario Trigazis. Concrete Collaborative asserts that Premier, New York Stone, New York Stone Works, and Mario Trigazis were identified by Plaintiffs for the first time on March 16, 2022, in response to an interrogatory. (*Id.* at 3). With respect to BIG DPC, Concrete Collaborative asserts that "information from Concrete Collaborative indicates that BIG DPC may have monitored and reviewed the progression of the tile installation and acceptance, and ultimately had a significant role in ensuring the success of the Project including the tile installation." (*Id.* at 4). Concrete Collaborative asserts that, "although BIG DPC's existence may have been apparent earlier, Concrete Collaborative was informed of the correct entity only after BIG NYC filed a motion to dismiss on November 12, 2021." (*Id.* at 12). Concrete Collaborative's counsel submits a declaration stating that, on March 30, 2022, her "office subpoenaed BIG DPC to investigate the full scope of its involvement in the process of accepting and installing the tiles; however, BIG DPC failed to respond to that subpoena." (Borisov Decl. ¶ 5, ECF No. 57-1).

On June 6, 2022, BIG DPC filed the Motion for Special Appearance. (ECF No. 62). BIG DPC asserts that "Concrete Collaborative knew of its mistake when BIG NYC filed

its Motion to Dismiss and supporting documents on November 12, 2021, and it did not attempt to amend its complaint to name the correct party until May 2022, long past the February 25, 2022 deadline to amend the pleadings." (ECF No. 62-1 at 13-14). BIG DPC further asserts that it never received a subpoena from Concrete Collaborative and, "[a]s shown on the subpoena attached to [Concrete Collaborative's] motion, the proof of service is left blank, indicating it was never served on BIG DPC." (*Id*. at 16).

On June 7, 2022, Plaintiffs and ZDG filed an Opposition to the Motion for Leave to Amend, contending that Concrete Collaborative was not diligent in filing its motion. (ECF No. 63 at 3).

On June 9, 2022, Concrete Collaborative filed an Opposition to the Motion for Special Appearance. (ECF No. 65).

On June 13, Concrete Collaborative filed a Reply in support of its Motion for Leave to Amend. (ECF No. 67).  Concrete Collaborative reiterates that its counsel learned about BIG DPC's involvement in the case from "Concrete Collaborative's representative," but contends that "defense counsel for Concrete Collaborative cannot be expected to interview any and all [Concrete Collaborative] employees and or representatives, of which [sic] are not a direct contact." (*Id*. at 5).

**II. DISCUSSION**

**A. Motion for Special Appearance**

BIG DPC filed the ex parte Motion for Special Appearance to oppose the Motion for Leave to Amend. Civil Local Rule 83.3(f) provides that an attorney may make a special appearance for a limited proceeding with the permission of the Court. *See* S.D. Cal. Civ. L.R. 83.3(f)(4). Civil Local Rule 83.3(g) states in relevant part: "A motion for an order must not be made ex parte unless it appears by affidavit or declaration … that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made…." S.D. Cal. Civ. L.R. 83.3(g)(2).

On June 6, 2022, BIG DPC notified counsel for Concrete Collaborative of its intent to file the Motion for Special Appearance. (ECF No. 62-1 at 2). BIG DPC then filed its Motion on the same day. (ECF No. 62). On June 9, 2022, the Court issued an Order stating that any response to BIG DPC's motion shall be filed by June 17, 2022. (ECF No. 66). On June 9, 2022 and June 13, 2022, Concrete Collaborative filed its replies to the oppositions to its Motion for Leave to Amend. (ECF Nos. 65 & 67). The Court finds that Concrete Collaborative received adequate notice and opportunity to respond to the arguments made in the Motion for Special Appearance and in opposition to the Motion for Leave to Amend. The Motion for Special Appearance is granted.

### B. Leave to Amend

#### 1. Standard of Review

"Once [a] district court … file[s] a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[s]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A party seeking to amend a pleading after the pleading-amendment date specified in scheduling order must first show "good cause" for the amendment under Rule 16(b), then, if "good cause" is shown, the party must demonstrate that amendment was proper under Federal Rule of Civil Procedure 15(a). *See id.* at 608.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end.'" *In re W. States*

*Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

### 2. Motion to Add BIG DPC

The Scheduling Order states that "[a]ny motion to join other parties [or] to amend the pleadings … shall be filed by February 25, 2022." (ECF No. 37 at 1). Concrete Collaborative asserts that, "although BIG DPC's existence may have been apparent earlier, Concrete Collaborative was informed of the correct entity only after BIG NYC filed a motion to dismiss on November 12, 2021." (ECF No. 57 at 12). Despite being informed that BIG DPC was the correct entity on November 21, 2021—three months before the February 25, 2022 deadline for adding parties—Concrete Collaborative waited until May 11, 2022 to file its motion for leave to add BIG DPC as a party.

Concrete Collaborative's counsel concedes that her client knew that BIG DPC rather than BIG NYC was the proper party, and the only reason offered for the delay in speaking with her client is that the Concrete Collaborative representative with this information "was not a direct contact." (ECF No. 67 at 5). Concrete Collaborative offers no additional information about this representative or explanation for the delay in interviewing the representative. Concrete Collaborative also relies upon a subpoena addressed to BIG DPC and dated March 30, 2022. (ECF No. 57-3). However, this was over four months after Concrete Collaborative concedes it was informed that BIG DPC was the proper party and over a month after the deadline for adding parties. Moreover, the proof of service on the subpoena is blank (*see id*. at 6), and BIG DPC submits a declaration stating that "BIG DPC has never been served with a subpoena in this matter." (Elbert Decl. ¶ 12, ECF No. 62-1). There is evidence that Concrete Collaborative's counsel notified BIG NYC's counsel by email that a subpoena would be issued to BIG DPC (*see* ECF No. 62-1 at 44; ECF No. 67-1 at 4), but BIG NYC's counsel responded that "[w]e are not authorized to accept service of the subpoena." (ECF No. 62-1 at 53).

The Court finds that Concrete Collaborative has failed to demonstrate that it was diligent in moving to add BIG DPC six months after being informed of BIG DPC's identity

and two and a half months after the deadline for adding parties. Accordingly, Concrete Collaborative has failed to demonstrate good cause to add BIG DPC pursuant to Rule 16(b). *See Johnson*, 975 F.2d at 609 ("If [the moving] party was not diligent, the inquiry should end."). The Motion for Leave to Amend is denied as to the request to add BIG DPC.

### 3. Motion to Add Premier, New York Stone, New York Stone Works, and Mario Trigazis

Concrete Collaborative contends that "Plaintiffs affirmatively concealed the identities of the additional tile installers [i.e., Premier, New York Stone, New York Stone Works, and Mario Trigazis] until recently." (ECF No. 67 at 2). Concrete Collaborative produces evidence that Plaintiffs failed to identify the names of these tile installers in their initial disclosures or in Plaintiffs' January 2022 response to Concrete Collaborative's request for "[a]ny and all documents, including photos and videos, which reference, relate to or refer tile, between any party or nonparty with regard to the project which is the subject of Plaintiffs' Complaint in this action." (Ford Decl. ¶¶ 3, 5, ECF No. 67-1). Plaintiffs first identified the tile installers to Concrete Collaborative in discovery responses dated March 16, 2022. (*Id.* ¶ 4).

Plaintiffs contend that Concrete Collaborative was not diligent due to the delay between the date it learned the names of the tile installers—March 16, 2022—and the date it moved for leave to amend to add them as parties—May 11, 2022. (ECF No. 63 at 8). However, a delay of less than two months is considerably less than the seven-month delay at issue in *Johnson*. *See Johnson*, 975 F.2d at 606-07. Concrete Collaborative requested discovery from Plaintiffs prior to the deadline for adding parties that Concrete Collaborative reasonably expected would have resulted in Plaintiffs identifying all tile installers. The fact that Plaintiffs did not reveal the names of all tile installers until March 2022—after the deadline for adding parties—is sufficient to demonstrate good cause pursuant to Rule 16(b) for the May 11, 2022 motion to add Premier, New York Stone, New York Stone Works, and Mario Trigazis.

The Court next considers whether Concrete Collaborative has shown that adding Premier, New York Stone, New York Stone Works, and Mario Trigazis is proper under Rule 15(a). *See Johnson*, 975 F.2d at 608. Rule 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quotation omitted). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Plaintiffs contend that "the delay necessarily resulting from adding new parties would delay the adjudication of this case and be prejudicial to Plaintiffs and ZDG" and "amendment is futile since this Court likely does not have personal jurisdiction over the proposed new parties." (ECF No. 63 at 9). The Scheduling Order provides that fact discovery shall be completed by August 18, 2022, and expert discovery shall be completed by November 21, 2022. (ECF No. 37 at 2-3). It is likely that the addition of new parties will result in a motion to extend these deadlines and delay the ultimate resolution of the case. Concrete Collaborative filed an Ex Parte Motion for an Order Continuing Case Deadlines on August 1, 2022 (ECF No. 72), which remains pending. However, the Court finds that this delay is not sufficient to overcome Rule 15(a)'s presumption in favor of granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074,

1079 (9th Cir. 1990) (stating that a "delay of nearly two years" was "not alone enough to support denial" of leave to amend under Rule 15(a)). The Court defers consideration of whether the Court has personal jurisdiction over the new parties until they enter appearances and properly raise the issue in a motion. The Motion for Leave to Amend is granted as to the request to add Premier, New York Stone, New York Stone Works, and Mario Trigazis.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Amend is denied as to the request to add BIG DPC and granted as to the request to add Premier, New York Stone, New York Stone Works, and Mario Trigazis. (ECF No. 57). No later than ten (10) days from the date this Order is filed, Concrete Collaborative shall file the Second Amended Third-Party Complaint attached to the Motion for Leave to Amend (ECF No. 57-4), except that BIG DPC shall be removed as a party.

IT IS FURTHER ORDERED that the Motion for Special Appearance is granted. (ECF No. 62).

Dated: August 8, 2022

Hon. William Q. Hayes
United States District Court